**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 11-3107M |
| Plaintiff, | (4:09cr222(2) |
| vs. | Eastern District of Texas-Sherman Division) |
| James Douglas Nichols, | **ORDER** |
| Defendant. | |
| In re the Matter of Material Witness, | |
| Jason Allen Tiko. | |

This case arises on the arrest of Jason Allen Tiko ("Tiko"[1]), a Chandler, Arizona resident and purported material witness for James Douglas Nichols, the defendant in the above-captioned Texas case. Tiko was arrested in Phoenix on Tuesday, March 8, 2011, as a result of Defendant Nichols' February 10, 2011 Unopposed Motion to Have Witness Detained pursuant to 18 U.S.C. § 3144 and subsequent material witness arrest warrant. (Doc. 153 in 4:09cr222(2)[2]) The Unopposed Motion alleges that Tiko "will be

---

[1] Tiko advises that the correct spelling of his last name is as written in this order.

[2] Unless otherwise indicated, all docket references herein will be to 4:09cr222(2), the pending case in the Eastern District of Texas-Sherman Division.

needed as a [defense trial] witness on February 22, 2011." (*Id*. at 1) On February 11, 2011, the Honorable David Folsom, Chief United States District Judge for the Eastern District of Texas-Sherman Division, granted the Motion without opposition and signed an order authorizing the arrest of Tiko who "shall be transferred to this District upon being taken into custody for prompt testimony." (Doc. 166)  Defendant Nichols' jury trial was set to begin only three days later. (Doc. 115)

Because of a material change in circumstances since the material witness arrest warrant was entered, and for the reasons set forth herein, Tiko was ordered released by the undersigned Magistrate Judge on Friday, March 11, 2011, with a bag and baggage hearing set for Monday, March 14, 2011 at 11:00 a.m. to allow adverse counsel time to seek an appeal and stay of the Court's March 11, 2011 release order. Because no stay was entered, Tiko was released from custody on March 14, 2011, with the single condition that he appear in the United States District Court for the Eastern District of Texas-Sherman Division as required. The Court indicated when Tiko was released that a detailed order would follow. This is that order.

**I. Background**

On October 28, 2009, a criminal complaint was filed against Defendant Nichols and another defendant in the United States District Court for the Eastern District of Texas-Sherman Division, charging them with a serious drug trafficking offense. (Doc. 1) Upon his arrest, Defendant Nichols was appointed CJA counsel and subsequently detained pending trial. (Doc. 16) On November 13, 2009, Defendant Nichols and an alleged co-conspirator were indicted for Conspiracy to Possess with Intent to Distribute Heroin Resulting in Death. (Doc. 20)  On May 10, 2010, new counsel, Donald Lee Bailey, was appointed for Defendant Nichols. (Doc. 59) After numerous pretrial motions and trial continuances, the trial was reset from November 15, 2010 to February 14, 2011 in Sherman, Texas. (Docs. 35, 66, 71, 115)

In anticipation of the February 14, 2011 trial, Defendant Nichols' Texas counsel filed an Unopposed Motion on February 10, 2011 to have Tiko arrested as a material

- 2 -

1  witness for Nichols' trial as authorized by 18 U.S.C. § 3144. (Doc. 153) Defense counsel
2  represented that "Mr. Titko (sic) is living in a homeless shelter somewhere in the Phoenix,
3  Arizona area and is reported to be an alcoholic by family members." (*Id*. at 1) Defense
4  counsel claimed under oath that he "has exhausted his means of securing this witness
5  through other means." (*Id*.) In his attached affidavit to the Motion, defense counsel sets forth
6  some of the facts why he believes Tiko is a material witness in his client's case and avers
7  that "[u]pon contacting Mr. Titko's (sic) mother, Counsel was notified that Mr. Titko (sic)
8  was living in homeless shelters in the Phoenix area and did not have any way of being
9  contacted." (Doc. 153-2 at 1)  Representing he was unable to secure Tiko's presence for the
10 trial by subpoena, defense counsel "request[ed] that Mr. Titko (sic) be taken into custody as
11 a material witness pursuant to 18 U.S.C. § 3144." (*Id*.) Without standing to do so, the
12 Government, of course, did not oppose the Motion and, at that time, Tiko did not have
13 appointed or retained counsel. Chief Judge Folsom promptly granted the Motion based upon
14 the representations of counsel that Tiko "will be needed as a witness on February 22, 2011."
15 (Doc. 153 at 1)

16         After Tiko's arrest in Phoenix, Tiko, a U.S. citizen, was initialed on Tuesday,
17 March 8, 2011, advised of his rights and why he was arrested, and temporarily detained by
18 the undersigned Magistrate Judge pending status hearings on identity and detention the next
19 day in Phoenix. (Docs. 1-2 in 11-3107M)  Because Tiko was unable to obtain adequate
20 representation, AFPD Jane McClellan was appointed to represent him. Anticipating verified
21 information may become necessary in the event a detention hearing was held, a Pretrial
22 Services Report was ordered even though Tiko was not charged with a federal crime.

23         The March 9, 2011 minute entry indicates that "[c]ounsel informed the Court
24 that they have called the prosecuting district for assistance regarding this matter but was
25 unable to reach anyone by the time of the setting of this hearing. The material witness
26 informed the Court that he was available but did not receive notice that he needed to appear
27 in the prosecuting district. The material witness also informed the Court that he does not
28 have the funds to travel[]" to Sherman, Texas. Again hopeful to receive helpful information

1  from Texas that might have secured Tiko's prompt release, counsel requested the status
2  hearings be reset to the next day, March 10th.
3          On March 10, 2011, AUSA Vincent Kirby, AFPD Craig Orent covering for
4  Jane McClellan who was unavailable, and the Court conclude that Tiko, even though a
5  material witness and, perhaps, contrary to the express language of Chief Judge Folsom's
6  arrest order, was entitled to a detention hearing consistent with 18 U.S.C. § 3142. A full
7  detention hearing and status hearing on identity was set for Friday, March 11, 2011 at 4:15
8  p.m., allowing more time for attorney Orent to speak with Defendant Nichols' Texas
9  attorney.
10         In preparation for Tiko's detention hearing, the Court electronically reviewed
11 the Texas file, 4:09cr222(2). In a February 14, 2011 minute entry, discussions were held
12 with between all counsel and Chief Judge Folsom outside the presence of a jury panel
13 regarding, *inter alia*, Nichols' attorney Don Bailey's expressed "need to have an additional
14 [toxicological] expert besides Dr. Ward . . . but her initial assessment was it could not have
15 been the Heroin that caused the death of " the victim. (Doc. 174) Apparently at that time,
16 AUSA Tracey Batson then orally moved to continue the trial while the jury pool was waiting
17 in the courtroom for the jury selection process to begin. The Court granted the Government's
18 oral motion and continued the trial to April 25, 2011. (*Id*. at 1; ) In addition to setting expert
19 disclosure deadlines, the Court advised counsel that an April 25, 2011 trial date "will give
20 time for Mr. Bailey's witness the (sic) is in BOP in PA and the witness that is in Arizona."
21 (*Id*.) The undersigned interprets this statement attributed to the Court by the courtroom
22 deputy clerk as meaning that by continuing the trial, Nichols' attorney would have more time
23 to locate, subpoena or depose the two out-of-district defense witnesses. Chief Judge Folsom
24 issued a detailed order on February 23, 2011, explaining why the trial was continued to April
25 25, 2011. (Doc. 185) Pending for ruling is attorney Frank W. Henderson's Motion to Quash
26 Subpoena and Request for Protective Order regarding Defendant Nichols' subpoena of Mr.
27 Henderson, William Patrick Baca's former attorney in this case, to appear and testify at the
28 trial of Defendant Nichols on behalf of Defendant Nichols. (Doc. 185) Mr. Baca, Defendant

1 Nichols' co-defendant in this case, pled guilty in 2010 and is serving a lengthy prison
2 sentence with the Bureau of Prisons. (Docs. 54, 88)

## II. Material Witnesses

"In 1984, Congress enacted the present version of the material witness statute found at 18 U.S.C. § 3144.[3]" *In re Grand Jury Material Witness Detention*, 271 F.Supp.2d 1266, 1269 (D.Ore. 2003). The statute permits a witness to be detained "if it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena" to wit, by flight. *Id*. The statute expressly provides that no person shall be detained because of an inability to comply with any condition of release if the testimony of the material witness can adequately be secured by deposition, and further detention is not necessary to prevent a failure of justice. 18 U.S.C. § 3144. The release of a material witness may be delayed for a reasonable period of time, especially when the material witness is in the United States unlawfully, until the material witness' deposition can be taken. *United States v. Lai Fa Chen*, 214 F.R.D. 578 (N.D.Cal. 2003); *Aquilar-Ayala v. Ruiz*, 973 F.2d 411, 419-420 (5th Cir. 1992) ("undocumented aliens have an overriding liberty interest in not being detained as material witnesses, when the deposition procedure serves as an

---

[3] Title 18 U.S.C. § 3144 provides:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.

1 adequate alternative to prolonged detention."); *United States v. Rivera*, 859 F.2d 1204 (4th Cir. 1988).

As with any defendant, it is the responsibility of the district court, usually a magistrate judge, to supervise the detention of any material witness held within its jurisdiction in order to eliminate unnecessary detention. Rule 46(h)(1), Fed.R.Crim.P., ("To eliminate unnecessary detention, the court must supervise the detention within the district of any defendants awaiting trial *and of any persons held as material witnesses*.") (emphasis added). A material witness, however, who knowingly fails to appear before any federal court as required after his release may be fined or imprisoned for not more than one year, or both. 18 U.S.C. § 3146(b)(2) ("if the person was released for appearance as a material witness, a fine under this chapter or imprisonment for not more than one year, or both.").

Federal Rule of Criminal Procedure 15 and § 3144 provide a party or detained material witness with a mechanism for securing the material witness' release. Rule 15(a),(b), Fed.R.Crim.P. "A material witness may make a motion requesting such a deposition and the district court has the authority to order the taking of the deposition and thereafter to discharge the detained witness from custody." *Torres-Ruiz v. United States District Court*, 120 F.3d 933, 935 (9th Cir. 1997) (quoting *Aquilar-Ayala v. Ruiz*, 973 F.2d 411 (5th Cir. 1992)). The motion must demonstrate that the material witness' "testimony can adequately be secured by deposition," and that "further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144. Upon such a showing, the district court must order a material witness' deposition and prompt release. Rarely will a material witness remain detained until trial, and then only to prevent an injustice, such as, the credibility of a material witness is critical to a defendant's guilt or innocence. *See, e.g., United States v. Guzman-Torres*, 2010 WL 3521973, * 3 (S.D.Cal., Sept. 7, 2010) ("With the firm trial date less than three weeks away, this Court concludes that an order setting depositions at this stage could result in a failure of justice . . . Under the facts of this case, the Court concludes that the testimony of Morales-Sanchez and Bautista-Romero cannot be adequately secured by deposition.").

**III. Bail Reform Act**

1    Another procedural safeguard against unwarranted detention is § 3144's
2 express invocation of the bail and release provisions set forth in 18 U.S.C. § 3142. Section
3 3144 directs that "a judicial officer may . . . treat the [detained] person in accordance with
4 the provisions of section 3142 of this title." 18 U.S.C. § 3144. The Bail Reform Act ("Act"),
5 18 U.S.C. §§ 3141-3150, establishes procedures for a judicial officer to order the release or
6 detention of an arrested person. 18 U.S.C. § 3142; *United States v. Gentry*, 455 F.Supp.2d
7 1018, 1019-1020 (D.Ariz. 2006) (citation omitted). Of course, not every provision of § 3142
8 applies to material witnesses, but some do, and those govern.

9    Section 3142, entitled "**Release or detention of a defendant pending trial**,"
10 provides in part:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be--
>
> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>
> (2) released on a condition or combination of conditions under subsection (c) of this section;
>
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
>
> (4) detained under subsection (e) of this section.

18 U.S.C. § 3142(a).

   In making the determination whether conditions exist that would reasonably assure an arrestee's appearance as required, § 3142(g) requires consideration of four statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. 18 U.S.C. § 3142(g).  The weight given to each of these factors rests

1 is within the court's discretion. *Gentry*, 455 F.Supp. at 1020 (citation omitted). The Act, however, mandates release of an arrestee under the "least restrictive" condition or combination of conditions that will reasonably assure the appearance of the defendant as required. 18 U.S.C. § 3142(c)(B); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).  The burden of proof rests with the Government which must establish risk of flight by a preponderance of the evidence, not by the higher standard of clear and convincing evidence. *Id*. at 1406.  Reminding courts of the presumption of innocence and its corollary right to bail should be denied only for the strongest of reasons, the Ninth Circuit has made plain that "[o]nly in rare circumstances should release be denied," and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405, 1407; *United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D.Cal. 1992). The Act requires release unless no combination of conditions can reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142. Mindful of these principles, the Court will consider whether Tiko should be released.

**IV. Discussion**

The first two factors of § 3142(g) to consider - the nature and circumstances of the offense charged and the weight of the evidence against Tiko - strongly support Tiko's release. There is no evidence that Tiko has been charged, or will be charged, with any crime in Texas, much less the serious drug trafficking offense resulting in death that was charged and is pending against Defendant. Even if attorney Bailey's information in his affidavit, doc. 153-2, is accurate and reliable, Tiko's alleged presence alone on September 30, 2009 without more does not render Tiko criminally responsible for the victim's death. Moreover, without a grant of immunity by the Government, it is likely Tiko will assert his Fifth Amendment privilege against self-incrimination if required to testify at trial or provide a material witness deposition. The likely assertion of this constitutional privilege is another factor that favors Tiko's immediate release.

The third § 3142(g) factor, Tiko's personal history and characteristics, as verified by Pretrial Services, paints a somewhat different picture than Nichols' defense

1  counsel presented in his material witness affidavit attached to his Motion. After speaking
2  with Tiko's parents, Tom and Pat Titko who live in Chandler, Pretrial Services confirmed
3  that Titko is financially dependent on his parents to pay for his living expenses who have
4  secured an apartment for their son in Mesa, Arizona and paid a year's lease in advance.
5  (Doc. 11 in 11-3107M)  Although Titko has serious substance abuse issues, is currently
6  unemployed, and has a misdemeanor criminal history including a record of failing to appear,
7  Tiko's mother denies that he is homeless and "living in homeless shelters in the Phoenix area
8  and [does] not have any way of being contacted." (attorney Bailey's affidavit) The Court is
9  informed that Tiko may be reached though his parents' home telephone or through his
10 appointed counsel, AFPD Jane L. McClellan (602-382-2700), in the event Nichols' counsel
11 wishes to schedule and fund Tiko's travel to Sherman, Texas for a deposition or trial.[4] The
12 Court is unable to explain the informational differences attributed to Tiko's mother identified
13 by Nichols' counsel in his affidavit and that which was proffered to the Court by Tiko's
14 appointed counsel at the March 11, 2011. This factor slightly favors Tiko's release from
15 custody.

16         The last § 3142(g) factor, the nature and seriousness of the danger to any
17 person or community if Tiko were released, also favors release. While Tiko, age 35, certainly
18 has not been an altar boy during the last six years of his life, his criminal history does not
19 reflect any crimes of violence, charges or convictions, firearms offenses, and his criminal
20 history is mostly petty theft offenses and abuse of substances (alcohol and illicit drugs).

21         Finally, Tiko represented to the Court, through his counsel, that he would
22 cooperate with Eastern District of Texas if ordered to appear at trial or a deposition,
23 conditioned upon his travel and living expenses being paid and provided he receives fair and

---

[4] At the March 11, 2011 release hearing, AFPD Orent requested leave to remain as Tiko's counsel until further order of the Court. (Doc. 8 in 11-3107M) ("[O]ral motion by defense counsel to remain as counsel of record for the material witness until all material witness proceedings have concluded in the prosecuting district. No objection. Motion GRANTED.").

- 9 -

reasonable notice, even if only to assert his Fifth Amendment privilege against self-incrimination. Indeed, his only condition of release requires Tiko to "appear at all proceedings as required." (Doc. 9 in 11-3107M)

**V. Conclusion**

Considering the Texas trial has been continued to late April, 2011 and may be continued again, all the relevant factors under the Bail Reform Act favor Tiko's release, and the presence of established authority that Tiko's deposition may be taken prior to trial without his continued detention, release of Tiko is mandated. 18 U.S.C. § 3142(g); Fed.R.Crim.P. 15(a) (permitting the taking of a prospective witness' deposition). The Court finds that Tiko must be released from custody with the single condition that he appear at all proceedings as required.

Accordingly,

**IT IS ORDERED** that the oral motion of material witness Jason Allen Tiko be released is **GRANTED**.

Dated this 17th day of March, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge